ELLIS, Judge.
This workman’s compensation suit was filed on July 26, 1965, claiming compensation for an injury allegedly suffered by plaintiff on May 10, 1965. Defendant’s answer was filed on June 7, 1966. On March 2, 1967, defendant propounded certain interrogatories to plaintiff. The interrogatories were not answered, and on May 12, 1967, defendant moved to dismiss the suit under the provisions of Article 1515 of the Code of Civil Procedure, for failure to answer.
The motion to dismiss was set for trial on June 5, 1967, but was continued because the Sheriff was unable to find plaintiff’s attorney to effect service. A second motion to dismiss was filed on October 27, 1967, and was fixed for trial on December 4, 1967. Plaintiff’s attorney was finally served, in New Orleans, on November 11, 1967. Service was made on him again on November 20, 1967, at the St. Tammany Parish Courthouse.
On December 4, the matter came on for trial, and, neither plaintiff nor his counsel having appeared, the suit was dismissed. The judgment of dismissal was signed on December 5.
On February 29, 1968, plaintiff’s present attorney obtained an order entering his name as counsel of record, and on the same day obtained an order of devolutive appeal from the judgment.
Also filed in the record is an affidavit by plaintiff which details a number of alleged difficulties which plaintiff had with his original attorney. He charges the attorney with being dilatory, evasive and uncommunicative ; with having undertaken representation against him on behalf of a credit union; with having filed misdemeanor charges against him as the result of an argument which they had about the case; and with refusing to turn the file *456 over to another attorney despite having been dismissed both verbally and by mail by plaintiff.
Plaintiff’s first assignment of error is that the district court erred in applying the provisions of the Code of Civil Procedure to a Workman’s Compensation proceeding, relying on the provisions of R.S. 23:1317. This section provides that in the trial of a compensation case, the court “shall not be bound by technical rules of evidence or procedure * * The section makes no reference to pre-trial procedure, and we know of no other provision of the compensation act which limits the application to compensation cases of the pre-trial procedures set forth in the Code. Chapman v. Lalumia, 154 So.2d 93 (La. App. 4 Cir. 1963).
Alternatively, it is claimed that the trial judge abused his discretion in applying the harsh sanction of dismissal in this case.
Article 1515 of the Code of Civil Procedure reads as follows:
“If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with proper notice, or fails to serve answers to interrogatories submitted under Article 1491, after proper services of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.”
At the time of the hearing on the motion to dismiss, the trial judge was confronted with a record revealing complete inaction on the part of the plaintiff for over two years, a failure to answer interrogatories propounded nine months previously, and a failure to appear in court for the hearing despite proper service made twice on plaintiff’s attorney. The only alternatives offered by Article 1515 are judgment by default, striking out of certain pleadings, and dismissal. Neither of the first two alternatives appear to be applicable in this case. The judge took the third alternative open to him. We cannot say he abused his discretion.
Even granting that we could consider plaintiff’s affidavit relative to the misconduct of his counsel, we do not believe him to be entitled to a reversal. The difficulties with his attorney went on for over 18 months prior to the dismissal of the case. If, indeed, he had dismissed his attorney, as he says he did, plaintiff had every right to retain another attorney to protect his interests in the case. He did not do so. His remedy is no longer against defendant, but rather against his former attorney.
We are of the opinion that the judgment appealed from is correct, and it is affirmed at plaintiff’s cost.
Affirmed.