484 So.2d 734 (1986)
LAFOURCHE GAS CORPORATION, et al.
v.
DANIEL OIL COMPANY.
No. CA 84 1207.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Roy Jefferson, Thibodaux, for plaintiffs-appellants, Lafourche Gas Corp., David C. Lensing and Cyndia Smith Lensing.
John F. Pugh of Pugh, Lanier & Pugh, Thibodaux, for defendant-appellee, Daniel Oil Co.
Christopher M. Riviere, Porteous, Hainkel, Johnson & Sarpy, Thibodaux, for defendant-appellee, Daniel Oil Co. and U.S. Fidelity & Guar. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment which dismissed with prejudice plaintiffs' suit for surface damages to immovable property, held one of the plaintiffs in contempt for failure to timely respond to interrogatories propounded by the defendant and awarded attorney's fees to defendant's counsel.
The plaintiffs, Lafourche Gas Corporation (Lafourche), Gulf Land and Investment Company, Inc., David C. Lensing and *735 Cyndia Smith Lensing, filed suit on May 26, 1981, alleging that the drilling operations of the defendant, Daniel Oil Company, caused extensive surface damage to the plaintiffs' property. The defendant held the mineral rights in regard to plaintiffs' land. The defendant answered and reconvened against all plaintiffs, claiming that the plaintiffs had injected saltwater brine and other polluted liquids into one or more of the wells causing damage to the defendant's mineral interest.
On October 7, 1983, the defendant propounded a set of interrogatories to Lafourche in regard to the reconventional demand only. Lafourche failed to answer the interrogatories. On February 13, 1984, the defendant filed a motion to compel answers to interrogatories. A contradictory hearing on the show cause order was held on March 12, 1984, with attorneys for both sides present. The judgment signed by the court on March 13, 1984, ordered Lafourche to answer the interrogatories within 30 days and to pay attorney's fees and court costs.
When Lafourche failed to respond to the court's order, the defendant filed a motion to dismiss the suit with prejudice and/or to find the plaintiffs in contempt. A contradictory hearing on the show cause order was set for May 18, 1984. On May 17, Lafourche delivered partial answers to the defendant. Also on that date, plaintiffs' counsel, Larry P. Boudreaux, moved for a continuance on the grounds of trial conflict. The court refused to grant the continuance without a hearing, and another attorney, Roy A. Jefferson, represented the plaintiffs at the hearing on May 18. At the hearing, the court granted plaintiffs a continuance until June 14, 1984, stating that "[b]ecause of the seriousness of the dismissal I want to give your side a chance to supply the Court with an extensive memorandum." Lafourche filed an incomplete supplemental answer to the interrogatories on May 30, 1984. Both plaintiffs and defendant filed the requested memoranda.
At the hearing on June 14, 1984, Mr. Jefferson again appeared for the plaintiffs. After hearing arguments from both counsel, the court granted defendant's motion for dismissal with prejudice, reserved defendant's reconventional demand, cast plaintiffs for court costs and attorney's fees and found Lafourche's managing partner, R.L. Sonnier, in contempt of court, fining him $500 and sentencing him to 72 hours in the parish jail. On joint motion of both parties, Mr. Sonnier's jail sentence was vacated. A subsequent application for a new trial was denied and the appeal before us now was perfected.
The ultimate sanction for a recalcitrant plaintiff who fails to comply with discovery orders is dismissal of the suit with prejudice, and the ultimate sanction for such a defendant is the issuance of a default judgment. LSA-C.C.P. arts. 1471, 1473. Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982). The codal article, LSA-C.C.P. art. 1471, also provides for lesser measures; the court may order that the action or any part of it be dismissed without prejudice, that designated facts be taken as established, that the disobedient party be refused the right to support or oppose designated claims or defenses or to introduce designated matters into evidence, that pleadings or parts thereof be stricken, that further proceedings be stayed until the order is obeyed, or that the disobedient party be held in contempt.
The trial court has much discretion in selecting the appropriate sanctions for failure to comply with discovery orders, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse, 423 So.2d at 48. However, dismissal of a complaint with prejudice is such a drastic penalty for failure to comply with discovery rules that a district court should apply it only in extreme circumstances. Allen v. Smith, 390 So.2d 1300 (La.1980). Dismissal with prejudice is an abuse of discretion where the record does not establish that the failure was due to the "willfulness, bad faith or fault" of the plaintiff himself as opposed to his counsel. 390 So.2d at 1302.
*736 In the instant case, the court determined that Lafourche's attorney, Mr. Boudreaux, had written to the defendant's attorney on February 8, 1984, advising that "the information sought by your interrogatories was obtained by him [Mr. Sonnier] at a substantial cost."[1] The letter indicated that Mr. Sonnier would provide the answers to the defendant when the defendant paid the expenses of acquiring the information.
The court noted that the letter indicating possession of the answers by Lafourche was written prior to defendant's motion to compel. When the motion to compel proved ineffective, the defendant sought a dismissal. On the day before the hearing on the dismissal motion, Lafourche tendered partial answers, stating that supplemental answers would be furnished when the information was obtained. The court expressed concern about the apparent discrepancy. When the attorney in attendance for the plaintiffs, Mr. Jefferson, indicated a lack of knowledge as to the discrepancy, the judge stated:
I was hoping this morning that Mr. Boudreaux would appear in court with his client because I think I need some testimony, but I mean there's no testimony to be elicited because there's no witnesses.
The judge further stated that if the information was not available to Mr. Boudreaux as he indicated in the answers, it was because of the arbitrary action of his client. The judge indicated he had considered the Allen case cited above and found that the refusal to answer the interrogatories within the 30 days allowed by the court order was arbitrary, capricious, willful and in bad faith.
The factual findings of a trial court will not be reversed on appeal unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record indicates the judge's findings are adequately supported and we are unable to say they were manifestly erroneous. However, while we agree that very strong sanctions by the court were warranted, we feel compelled to reverse this part of the trial court's judgment because of circumstances peculiar to this case. Lafourche's actions were directed to interrogatories based solely on the reconventional demand. As such, Lafourche was in the posture of a defendant, and any sanction should have been directed toward Lafourche as a defendant rather than as a plaintiff. Moreover, there is no indication in the record that any of the other plaintiffs acted willfully or in bad faith; therefore, the judge abused his discretion in dismissing the principal demand.
Lafourche also contends that the trial court abused its discretion in holding Mr. Sonnier in contempt of court. We disagree and affirm. The codal article, LSA-C.C.P. art. 1471(4) authorizes a finding of contempt for failure to obey a court order. To find a person guilty of contempt, it is necessary to find that he or she violated the order of court intentionally, knowingly and purposely, without justifiable excuse. Nelson v. Nelson, 421 So.2d 366 (La.App. 1st Cir.1982). The trial judge is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order. Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir.1984).
In the instant case, there is no question that the court's order to answer interrogatories within 30 days was not obeyed. Based on the findings of fact stated previously, the judge found the refusal to obey was willful and deliberate. Such findings were not clearly wrong, therefore, the judge did not abuse his discretion.
For the foregoing reasons, we reverse the judgment of the trial court dismissing the plaintiffs' suit with prejudice and remand the case to the court for action consistent with this opinion. In all other respects, the judgment is affirmed. Costs of *737 this appeal are to be borne equally by the plaintiffs and the defendant.
REVERSED IN PART AND REMANDED, AFFIRMED IN PART.
NOTES
[1] The record fails to indicate how the judge received notice of Mr. Boudreaux's letter. However, his references to the letter, as well as those of defendant's counsel, were not objected to by plaintiffs' counsel when they were made; therefore, the trial court's consideration of the letter is not subject to question.