521 So.2d 625 (1988)
Medward TABOR
v.
McDERMOTT, INCORPORATED.
No. CA 86 1664.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Kevin Patrick Monahan, Vinet & Monahan, Baton Rouge, for plaintiff-appellant Medward Tabor.
Karen L. Clark, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for defendant-appellee McDermott, Inc.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Plaintiff appeals the trial court's dismissal of his action for failure to comply with discovery. We reverse and remand.
This worker's compensation action was filed on June 5, 1986, and the trial was set for August 8. Because of the early trial date, defendant's counsel immediately began seeking to obtain discovery. By letter of June 23 to plaintiff's counsel, she requested plaintiff's medical records in counsel's possession, enclosing record authorization forms for plaintiff's signature; and informed counsel that an independent medical exam pursuant to LSA-R.S. 23:1121 had been scheduled for July 18, asking to be informed if that date was not convenient. On July 8, defendant served by mail on plaintiff's counsel a motion for continuance and a notice of plaintiff's deposition scheduled for August 5, both having been earlier approved by plaintiff's counsel by phone, as well as interrogatories and a request for production of documents.
*626 Plaintiff did not appear for his scheduled medical examination. Another medical exam was scheduled for July 25, and defense counsel's office was notified of this appointment by phone and by letter of July 21. Plaintiff failed to appear for this second medical appointment,[1] and neither plaintiff nor his attorney appeared for the scheduled deposition.[2]
On August 7, pursuant to defendant's motion, the court ordered plaintiff to appear for a medical examination on August 28. On August 12, defense counsel mailed plaintiff's counsel a copy of this order. Two days later, defendant moved to dismiss, or in the alternative, for an order compelling discovery. The motion was not heard until September 23, by which time plaintiff had failed to appear for his court ordered medical exam, and the trial had again been continued. After the hearing, however, the court dismissed plaintiff's case with prejudice and awarded defendant $850.00 in expenses, saying that plaintiff's bad faith, wilfulness, and fault warranted the dismissal.
For plaintiff's failure to obey the order to submit to the medical exam, the Code of Civil Procedure provides that the trial court "may make such orders in regard to the failure as are just, [including] ... dismissing the action." LSA-C.C.P. art. 1471(3). For his failure to attend his scheduled deposition or respond to the interrogatories, the trial court may likewise impose the sanction of dismissal. LSA-C.C.P. art. 1473. The law specifically allows dismissal as a sanction for such failures. Nevertheless, dismissal with prejudice, being such a drastic penalty, should be reserved for extreme circumstances. Allen v. Smith, 390 So.2d 1300, 1301 (La.1980) (citations omitted); Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734, 735 (La.App. 1st Cir. 1986). Because the Louisiana rule regarding discovery sanctions is identical to Federal Rule of Civil Procedure 37, case law interpreting the Federal Rule is instructive. Federal courts have held that rule 37 does not authorize dismissal of a complaint when a plaintiff's noncompliance with discovery "`has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner.'" Allen v. Smith, 390 So.2d at 1301 (quoting Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958)).
The record does not support the trial court's finding that the discovery failure was due to plaintiff's wilfulness, bad faith, or fault, and accordingly, the trial court abused its discretion by imposing such a severe sanction. See Allen v. Smith, 390 So.2d at 1302; Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d at 735. Plaintiff's counsel claims that the discovery failures were his fault, not his client's. Suggesting that administrative problems in his office might have been the cause, he claims to have been unaware of the court ordered medical exam. His explanation for plaintiff's failure to appear for the earlier medical exams and the deposition was that they were scheduled "unilaterally."
It may indeed be true that plaintiff's attorney's office was so disorganized that he was not keeping up with events in his client's case. The unilateral scheduling argument, however, is absurd. To notify an attorney of a scheduled medical exam for his client and ask him to advise if the time is inconvenient is not unfair or high handed. Neither can defendant's attorney be faulted for scheduling plaintiff's deposition after mutual agreement on a date, promptly confirming it with a notice of deposition filed in the record and served on plaintiff's attorney.
Citing Hulion v. John Bradshaw Co., 217 So.2d 454, 456 (La.App. 1st Cir.1968), defendant argues, however, that dismissal is proper even upon a finding that the failure was due to the attorney's misconduct. In Hulion there was complete inaction *627 on the part of the plaintiff for over two years, the last eighteen months of which he had been having difficulties with his attorney. Hulion claimed that his attorney had been dilatory, evasive, uncommunicative, and that he refused to turn the file over to another attorney despite having been dismissed. He was aware that his case was not being moved forward; he could have retained another attorney to protect his interests, but he did not. Under those circumstances we held that the dismissal of his case was correct, stating that his remedy was no longer against the defendant, but against his former attorney.
The instant case was filed in June, and was dismissed in September. Contrary to the situation in Hulion, this is not so long a time as to arouse suspicions in a reasonable plaintiff that his attorney might not be moving the case forward. The record does not indicate that the failure to comply with discovery was due to plaintiff's fault. On the other hand, a party who fails to make discovery has the burden of showing that his failure was justified, or that there were special circumstances that would make an award of expenses to the other party unjust. LSA-C.C.P. articles 1469, 1471, 1473; Allen v. Smith, 390 So.2d at 1302. The attorney's office administrative problems do not suffice to carry this burden.
Because the record indicates that plaintiff was not personally at fault, but that the failures were due to his counsel's inattention to the case, plaintiff's counsel is assessed with the $850.00 representing defendant's expenses incurred in unsuccessful discovery attempts and the filing of the motion to dismiss. Costs of this appeal and attorney's fees associated therewith are likewise assessed against plaintiff's counsel. See Allen v. Smith, 390 So.2d at 1302.
Accordingly the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion, including a hearing to determine attorney's fees on appeal, and the entry of an order compelling discovery and staying plaintiff's suit until the order is obeyed. LSA-C.C.P. art. 1471(3).
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] This prompted defendant to move for an order for a medical exam and a second continuance.
[2] Plaintiff's counsel's secretary informed defense counsel that plaintiff had been made aware of his deposition, but that he was not expected to appear, and that plaintiff's counsel was in court.