JjDOUCET,
Chief Judge.
C.H. & A. Corporation, Robert Jac Cooper and their attorney, Gregory J. McDonald appeal the trial court’s ruling ordering them to pay sanctions in connection with their refusal to participate in a scheduled deposition.
The Plaintiffs were involved in an automobile accident and as a result they filed this suit. The Defendants hired C.H. & A. Corporation (CH & A), an engineering firm, to provide expert testimony in connection with their defense of the suit. In March 1998, the Plaintiffs noticed the deposition of Robert Jac Cooper, an employee of CH & A, as well as the deposition of an authorized representative of |?CH & A. Pursuant to the notices, the depositions were to be held at the offices of CH & A in Metairie, Louisiana on July 9, 1998 at 10:00 a.m. Subpoenas duces tecum were issued in connection with both deposition notices. The record reveals that, at least as to Cooper, the July 9 date was agreed upon by counsel for the parties. On June 17, 1998, McDonald, acting as attorney for CH & A and Cooper, filed a motion for a protective order. A hearing on that motion was held on July 1, 1998. As a result of the hearing, an order issued in which the relief sought was granted as to some issues and denied as to others. The Appellants did not seek to disturb or continue the deposition scheduled for July 9, 1998, nor was the issue of deposition costs raised. However, on the morning July 9, 1998, the Appellants filed another motion for a protective order in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, (the district in which CH & A’s Metairie offices are located) alleging that the Iberia Parish court was not available[1] and that it was necessary that a deposition fee be set before the deposition could be taken. The motion further alleged that because the appropriate company representative to respond to certain discovery requests was located in Texas, his deposition should be required to be taken by telephone or in Texas. That motion did not mention the Iberia Parish court’s previously entered order in connection with these depositions. The Twenty-Fourth J.D.C. ordered the deposition continued until such time as a hearing could be held on the motion. At the time set for the depositions, the deponents, upon the advice of their attorney, refused to appear.
LAs a result, the Plaintiff filed a motion for sanctions in the Iberia Parish court. After a hearing, the court entered judgment as follows:
For failure to have his clients respond to discovery, Gregory McDonald, the attorney for the defendants is sanctioned as follows:
He is ordered to pay to Michelle Case and Barbara Fuselier the sum of $1,972.50 representing expenses incurred as a result of the failure to do as subpoenaed on July 9,1998 herein.
A. Robert Jac Cooper and CH & A Corporation shall appear within the jurisdiction of this Court or within the Parish of Lafayette, Louisiana, at a time and on a date selected by the parties hereto with the cooperation of said CH & A Corporation and Robert Jac Cooper to provide the discovery previously noticed herein to occur on July 9, 1998; and,
B. The expert fee of Robert Jac Cooper for the deposition is set at the amount of $200.00.
C. CH & A Corporation may appear for said deposition through a designated witness who appears by telephone provided documents required by previous order of this Court are timely produced.
*302 CH & A, Cooper and McDonald appeal.
LA.CODE CIV.P. ART. 1425
The Appellants first argue that the trial court erred in granting sanctions because the Plaintiffs failed to comply with the provisions of La.Code Civ.P. art 1425 in obtaining the discovery.
La.Code Civ.P. art. 1425 provides that:
Discovery of facts known by experts, otherwise discoverable under the provisions of Article 1422 and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(1) (a) A party may through interrogatories or by deposition require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts to which the expert is expected to testify, (b) Upon motion, the |4court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to Paragraph (3) of this Article, concerning fees and expenses as the court may deem appropriate.
(2) A party may discover facts known by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Article 1465 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts on the same subject by other means.
(3) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Paragraphs (l)(a) and (2) of this Article; and with respect to discovery obtained under Paragraph (l)(a) of this Article the court may require, and with respect to discovery obtained under Paragraph (2) of this Article the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts from the expert.
The Appellants argue that sanctions are not warranted because the Plaintiffs did not follow the two-step procedure of first identifying the Defendants’ experts via interrogatories, then moving the court to allow depositions of those experts to be held. Defendants argue that because they simply noticed the deposition without a hearing and court order, sanctions are not available.
We find the Appellants’ arguments in this regard to be disingenuous. The Appellants had an opportunity to raise this issue at the hearing on the initial motion for a protective order. The Appellants’ actions in this matter give the appearance of attempts to obstruct the discovery process by bringing objections to discovery to the court’s attention in a piecemeal fashion. Further, while the Appellants did raise the issue of entitlement to a fee prior to testifying, they failed at the hearing on the motion for sanctions to raise the argument concerning the necessity of a court order |5to obtain the deposition of an expert. Accordingly, we will not consider this argument on appeal.
ABUSE OF DISCRETION
The Appellants next assert that sanctions were an abuse of discretion. Essentially, the Appellants’ arguments again rest on application of La.Code Civ.P. art. 1425. As stated above, we find it unnecessary to consider arguments concerning Article 1425 on appeal. Further, we find no abuse of discretion in the court’s award of sanction. The Appellants failed to comply with the courts July 1 order concerning the depositions. La.Code Civ.P. art 1471 provides in pertinent part that:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit dis *303 covery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
[[Image here]]
... [T]he court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
Under this article, the court had the authority to grant sanctions against the Appellants for failure to comply with its order of July 1,1998.
AMOUNT OF SANCTIONS
The Appellants further assert that the sanction is excessive in that it represents travel costs incurred by counsel for Plaintiffs in traveling to the July 9 deposition. The Appellants argue that these costs were incurred unnecessarily because the | (¡Plaintiffs were notified of the objections and knew that the deponents would refuse to testify.
The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and his choice of sanctions will not be reversed absent an abuse of discretion. Magri v. Westinghouse Elec., Inc., 590 So.2d 830 (La.App. 4th Cir.1991). Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734 (La.App. 1st Cir.1986). When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. Allen[ v. Smith], supra [390 So.2d 1300,] at 1302; Magri, supra at 831.
Moody v. Moody, 622 So.2d 1376, 1380-1381 (La.App. 1 Cir.1993), units denied, 629 So.2d 1168 (La.1993).
After reviewing the record in this matter, we find no abuse of discretion in the trial court’s award of sanctions. The court is entitled under La.Code Civ.P. art. 1471 to make an award of reasonable expenses caused by the failure to obey its order. Further, the record shows that the Twenty-Fourth J.D.C.’s order continuing the deposition was not signed until the morning of the deposition. Since the deposition was scheduled at 10:00 a.m., counsel for the plaintiffs was already at or traveling to the CH & A offices by the time the order was signed. Therefore, the Appellants have not shown special circumstances which make this award of expenses unjust.
FRIVOLOUS APPEAL
Plaintiffs contend that this court should award them damages for frivolous appeal. However, they did not answer the appeal. While La.Code Civ.P. art. 2164 provides for damages for frivolous appeals, an award of damages is not proper where the party does not appeal or answer the appeal. See Schulingkamp v. Schulingkamp, 96-2680 (La.App. 1 Cir. 12/29/97); 706 So.2d 1005, unit denied, 98-0279 (La.3/20/98); 715 So.2d 1219. Accordingly, no award will be made for frivolous appeal.
| CONCLUSION
The judgment of the trial court is affirmed. We assess all costs of this appeal to the appellants, CH & A, Robert Jac Cooper and Gregory J. McDonald.
AFFIRMED.

. The court stated at the hearing on sanctions that she had in fact been available and that McDonald had made no attempt to contact her.