MARTINEZ-FOWLER, L.L.C.
v.
ORLIN ROGERS d/b/a HAMMOND READY MIX, INC.
No. 2006 CA 1106.
Court of Appeals of Louisiana, First Circuit.
September 5, 2007.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.

ON REHEARING
CARTER, C.J.
Noting the absence of a transcript or any other relevant evidence in the record pertinent to the judgment being appealed, on March 23, 2007, this court affirmed the district court's November 29, 2005, judgment dismissing the petition filed by Plaintiff-Appellant, Martinez-Fowler, L.L.C. Martinez-Fowler filed a timely application for rehearing, and it was established that the inadequacy of the record was attributable to the district court clerk's office. The district court clerk's office supplemented the record with the January 3, 2006, transcript on May 3, 2007. On August 21, 2007, the record was supplemented with three service returns.[1] The clerk's failure to prepare and lodge the record on appeal either timely or correctly shall not serve to prejudice an appeal; therefore, we vacate our prior judgment and grant the application for rehearing to address the merits of the appeal.[2] LSA-C.C.P. art. 2127.

FACTUAL AND PROCEDURAL HISTORY
On August 30, 2001, Martinez-Fowler filed suit on an open account against defendant, Orlin Rogers d/b/a Hammond Ready-Mix, Inc., seeking payment for tax and accounting services rendered between March 1995 and August 2000. A trial on the merits was scheduled for January 7, 2002; however, Mr. Rogers filed a motion to continue the trial based on Martinez-Fowler's failure to provide him with agreed upon discovery. The district court continued the matter to afford the parties an opportunity to complete discovery. Numerous status conferences were conducted in the following years, and the matter was set for trial but continued several times.
In April 2005, Mr. Rogers requested and was granted leave of court to file a reconventional demand. He also filed interrogatories, requests for production, and requests for admissions. Martinez-Fowler objected to the reconventional demand on the basis of LSA-C.C.P. art. 1033, seeking a rule to show cause why Mr. Rogers's reconventional demand and discovery requests should not be dismissed. The rule to show cause was set for July 11, 2005.
Due to a scheduling conflict, Mr. Rogers's counsel requested a continuance of the rule, which was denied. Only Martinez-Fowler's attorney, Leonard E. Yokum, Jr., appeared at the hearing, after which the rule was made absolute, and Mr. Rogers's reconventional demand and requests for discovery were dismissed.
Consequently, Mr. Rogers filed a motion for new trial challenging the dismissal. The hearing date for Mr. Rogers's motion was served upon Martinez-Fowler' s attorney, Mr. Yokum, through Angela Spiers.[3] Mr. Yokum appeared at the subsequent hearing and argued against the motion. Ultimately, the district court granted Mr. Rogers's motion for new trial and ordered Martinez-Fowler to respond to Mr. Rogers's reconventional demand and discovery requests by November 15, 2005. The judgment further provided that a trial on the merits would be held on January 3, 2005.
Alleging Martinez-Fowler had not complied with the district court's discovery order, on November 21, 2005, Mr. Rogers filed a motion for sanctions and dismissal. On November 22, 2005, the motion was served on Martinez-Fowler's attorney, Mr. Yokum, through Angela Spiers. No one appeared on behalf of Martinez-Fowler at the November 28 hearing, after which the district court rendered judgment in favor of Mr. Rogers, dismissing Martinez-Fowler's suit with prejudice.
Immediately upon service of the judgment of dismissal, again through Angela Spiers, Mr. Yokum filed a motion for new trial, contending that he had not been properly served with notice of the November 28 hearing date, as Ms. Spiers was not his "secretary" for purposes of LSA-C.C.P. art. 1235. The district court denied Martinez-Fowler's motion for new trial.
Martinez-Fowler now appeals, seeking reversal of the denial of its motion for new trial and of the district court's November 29, 2005, judgment dismissing his petition.[4]

DISCUSSION
The trial court has much discretion in selecting the appropriate sanctions for failure to comply with an order of discovery, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse. Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734, 735 (La. App. 1 Cir. 1986). However, dismissal of a complaint with prejudice is such a drastic penalty for failure to comply with discovery rules that a district court should apply it only in extreme circumstances. Id. Dismissal with prejudice is an abuse of discretion where the record does not establish that the failure was due to the willfulness, bad faith, or fault of the plaintiff himself. See id.
On October 31, 2005, the district court rendered judgment in open court reinstating Mr. Rogers's reconventional demand[5] and ordering Martinez-Fowler to comply with Mr. Rogers's requests for discovery by November 15, 2005. A written judgment to that effect was signed on November 9, 2005, and filed in the record on November 10, 2005. Mr. Rogers's motion for dismissal was filed on November 21, 2005. The record does not establish that the delay in responding to the district court's order was attributable to the willfulness, bad faith, or fault of the plaintiff As such, the district court's dismissal of Martinez-Fowler's petition with prejudice was an abuse of discretion and must be reversed.

CONCLUSION
For the foregoing reasons, Mr. Rogers's motion to dismiss the application for rehearing is denied, and Martinez-Fowler's application for rehearing is granted. Our original opinion is vacated. The November 29, 2005, judgment of the district court is reversed, and the case is remanded to district court for further proceedings consistent with this opinion. Costs of this appeal are to be borne equally by both the plaintiff and the defendant.
MOTION TO DISMISS APPLICATION FOR REHEARING DENIED; REHEARING GRANTED; APPELLATE JUDGMENT VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.
NOTES
[1] Pursuant to Rule 2-1.11, Uniform Rules-Courts of Appeal, subpoenas, notices, and returns may be omitted from the record, unless they are at issue. The record herein was supplemented with the pertinent service returns at the request of this court.
[2] Defendant, Mr. Rogers, filed a motion to dismiss Martinez-Fowler's application for rehearing on the grounds that Martinez-Fowler failed to timely serve him with a copy of its application for rehearing in accordance with the Uniform Rules-Courts of Appeal. Martinez-Fowler's application for rehearing contains the required certificate indicating that a copy of the application for rehearing and the brief in support thereof were mailed to Mr. Rogers's attorney on April 5, 2007, the date on which the application and brief were filed with this court. See Rules 2-14.1 and 2-14.2, Uniform Rules-Courts of Appeal. The motion to dismiss is denied.
[3] The transcript, the service returns, and the parties' briefs, reflect two spellings of Angela's surname: Spiers and Spears.
[4] The denial of a motion for new trial is an interlocutory, non-appealable judgment. See LSC.C.P. art. 2083. The Louisiana Supreme Court has instructed appellate courts to consider an appeal from the denial of a motion for new trial as an appeal of the judgment on the merits when it is clear from appellant's brief that the appeal was intended to be an appeal of the final judgment on the merits. Carpenter v. Hannan, 01-467 (La. App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229, writ denied, 02-1707 (La. 10/25/02), 827 So.2d 1153.
[5] On February 15, 2006, the district court dismissed Orlin Rogers's reconventional demand as prescribed.