432 So.2d 1043 (1983)
SUCCESSION OF R.R. MILLER.
No. 82-CA-0569.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*1044 Sims & Matheny, Gordon Matheny, Hammond, for plaintiffs-appellants.
James Morrison, Hammond, and Herbert W. Christenberry, Jr., New Orleans, for defendants.
Dennis L. Doise, Lafayette, for Jean Carlin and Nell Wasson.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiffs in this case are seven collateral heirs of Ralph R. Miller, who died on July 28, 1979. Ralph Miller was the husband of Cleta P. Miller, who predeceased him on May 17, 1979. Following Ralph Miller's death, a succession administrator was appointed. After payment of all succession debts, the administrator was discharged and the assets of the succession were distributed to Ralph Miller's collateral heirs.
On March 23, 1981, plaintiffs filed a petition to reopen succession, traverse inventory and amend judgment of possession. Their petition alleged that community property owned by Ralph and Cleta Miller was erroneously classified as Cleta Miller's separate property and excluded entirely from Ralph Miller's succession. Named as defendants in plaintiffs' suit were the testamentary heirs of Cleta Miller.
Plaintiffs requested and received a temporary restraining order prohibiting defendants from alienating, concealing or disposing of all property which they received from the succession of Cleta Miller. They also sought preliminary and permanent injunctions prohibiting the same conduct. Defendants filed a motion to set aside and dissolve the temporary restraining order and for damages. The hearing on the preliminary injunction and the motion to dissolve the temporary restraining order was set for April 23, 1981. Following that hearing, on April 30, 1981, the trial court rendered judgment dissolving the temporary restraining order and dismissing plaintiffs' request for a preliminary injunction. The court also ordered plaintiffs to pay $750.00 to defendants in attorney fees as damages for wrongful issuance of the temporary restraining order.
On May 1, 1981, defendants filed notices of depositions for the taking of plaintiffs' depositions. The depositions were scheduled for May 18, 19 and 20, 1981. Copies of the notices were served upon plaintiffs through their attorney of record. Plaintiffs failed to appear for their depositions on the dates scheduled.[1]
On June 18, 1981, defendants filed a motion for security for costs. Additionally, that motion alleged that the court's earlier judgment, ordering plaintiffs to pay attorney fees to defendants for dissolution of the *1045 temporary restraining order, remained unsatisfied. The court ordered plaintiffs to furnish security for costs in the amount of $6,000.00 within thirty days.
On August 21, 1981, upon motion by defendants, the district court issued a number of rules to show cause to plaintiffs. The court ordered plaintiffs to show cause why their case should not be dismissed for failure to post bond as required by the court's order of June 18, 1981. The court also ordered plaintiffs to show cause why they should not be compelled to appear for depositions, why their suit should not be dismissed for their previous failure to appear for depositions and why they should not be compelled to pay defendants' attorney fees for obtaining the rule. Finally, the court ordered plaintiffs to show cause why they should not be compelled to pay the earlier $750.00 attorney fee judgment and why their suit should not be dismissed for their failure to do so. These various rules were set for a hearing to be held September 24, 1981.
On September 23, 1981, plaintiffs filed a motion and order to permit the firm of Belcher and Herrington to withdraw as counsel and to enroll Joe Sims as new counsel of record. That order was signed by the court on September 24, 1981. On the same date, the trial court granted plaintiffs' motion for a continuance of the hearing on the rules to show cause.
The hearing on the rules was held on October 29, 1981. Following the hearing, the trial court rendered judgment, signed November 2, 1981, which provided in part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED, that the said rules be made absolute, and that the bond for costs for $6,000.00 be filed and posted within ten days from this date of October 29, 1981 or this case will be dismissed as of non suit [sic].
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the judgment for attorney fees for $750.00 as per judgment dated April 30, 1981 for $750.00 be paid within ten days from date of October 29, 1981 or this case will be dismissed as of non suit [sic].
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the said seven plaintiffs namely Juanita Murray, Jean Carlin, Nema Brown, Merle Newport, Nell Wasson, Louise Rocky, and Katherine Seebren make themselves available for the taking of depositions by defendants within the State of Louisiana within thirty (30) days of this date of October 29, 1981 or in the alternative, if the seven plaintiffs do not choose to make themselves available, that they allow their depositions to be taken in any city and state of their choosing provided that only one attorney representing the defendants who travels outside of the State of Louisiana to take said depositions shall have all travel, hotel and other expenses incidental thereto charged as costs and paid by this Clerk of Court of Livingston Parish and provided further the said attorney shall be compensated at the rate of fifty ($50.00) dollars per hour not to exceed twelve (12) hours in any 24 hour period and that these attorney fees be taxed as costs and shall be paid by this Clerk of Court. (The first eight hours excluded.)
"Provided further that the time for taking these depositions either in Louisiana or elsewhere as above provided for, shall take place within thirty (30) days of this date of October 29, 1981 and if said depositions as above provided for, are not taken and completed within thirty days from date of October 29, 1981 then this said case will be dismissed with prejudice.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the request for attorney's fees for the motion and rule for compelling the seven plaintiffs to make themselves available for the taking of their depositions is taken under advisement and subject to a further ruling.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that all costs of these proceedings be assessed against the said seven plaintiffs."
*1046 On November 12, 1981, counsel for defendants filed a notice of deposition for all seven plaintiffs. Those depositions were scheduled for November 23, 1981 at the Clerk of Court's office in Livingston Parish. Notice of these depositions, as well as a subpoena for deposition, were served upon plaintiffs through their counsel of record, Joe Sims. Plaintiffs failed to appear at the date and time fixed for their depositions. On November 25, 1981, counsel for defendants sent a letter to Sims, asking Sims to inform him how plaintiffs intended to comply with the October 29, 1981, judgment.
On December 1, 1981, defendant filed a motion and order asking the district court to dismiss plaintiffs' suit with prejudice. Their motion alleged that plaintiffs had failed to comply with the court's judgment of October 29, 1981, by failing to post the required bond within ten days and by failing to comply with the provisions relative to discovery.[2] (The motion acknowledged that plaintiffs had paid the $750.00 attorney fee judgment of April 30, 1981.) The district court granted defendants' motion ex parte and ordered plaintiffs' suit dismissed with prejudice.
Plaintiffs have appealed the dismissal of their action. They argue that the trial court abused its discretion in ordering their action dismissed with prejudice.
Defendants' motion for dismissal alleged that the $750.00 attorney fee judgment had been paid but that plaintiffs had not filed the bond for costs and had not complied with the discovery provisions of the previous judgment. Failure to post the cost bond would not support dismissal with prejudice since the October 29, 1981, judgment provided that such a failure would result in "dismissal as of nonsuit."[3] Therefore, the dismissal with prejudice must have been based upon the plaintiffs' failure to make themselves available for depositions as previously ordered.
Plaintiffs rely upon Allen v. Smith, 390 So.2d 1300 (La.1980). In that case, the trial court had dismissed plaintiff's action with prejudice for failure to make discovery. The Louisiana Supreme Court reversed the trial court's judgment, holding that dismissal with prejudice was an abuse of discretion where the record did not establish that the failure was due to the "wilfulness, bad faith or fault" on the part of plaintiff himself, as opposed to his counsel.
In the instant case, we are unable to determine whether plaintiffs' failure to comply with the discovery order was due to their wilfulness, bad faith or fault, or to the fault of counsel. In brief, counsel for plaintiffs asserts that their failure to appear for depositions was his own, rather than his clients' fault. However, plaintiffs had no opportunity to present evidence in this regard because defendants' motion to dismiss was granted ex parte. When a mover applies for an order of the trial court which requires supporting proof, the motion should be tried contradictorily with the adverse party. LSA-C.C.P. art. 963. The motion in the instant case required supporting proof to demonstrate noncompliance with the October 29, 1981, judgment and should not have been granted ex parte.[4]
*1047 Since there was no proof adduced which justifies dismissal of plaintiffs' action with prejudice, the judgment of the district court must be reversed and the case remanded. On remand, defendants will have the opportunity to prove their entitlement to dismissal of plaintiffs' suit with prejudice or to any other relief authorized by law.[5]
For the foregoing reasons, the judgment of the district court is reversed and this case is remanded for further proceedings consistent with the views expressed herein. Costs to await final disposition.
REVERSED AND REMANDED.
NOTES
[1] According to their petition, none of the plaintiffs are domiciled in Louisiana. Additionally, counsel for plaintiffs represented to the trial court that all of them are advanced in age.
[2] Attached to defendants' motion were several items (1) certified copy of the October 29, 1981, judgment, signed November 2, 1981; (2) affidavit of defendants' counsel stating that plaintiffs failed to appear for the November 23, 1981, depositions as noticed and that they failed to contact him to exercise their option under the discovery order; (3) affidavit of the Livingston Parish Clerk of Court stating that as of November 30, 1981, plaintiffs had failed to file the cost bond as ordered; (4) a certified copy of the deposition proceedings of November 23, 1981, demonstrating plaintiffs' failure to appear; and (5) copy of the November 25, 1981, letter from defense counsel to Sims.
[3] A plaintiff's failure to post security for costs as ordered by the court is punishable by dismissal without prejudice. LSA-R.S. 13:1215, 13:4522.
[4] That defendants' motion required supporting proof is demonstrated by the material which was attached thereto. See f.n. 2. Even that material, unrebutted by plaintiffs, does not establish wilfulness, bad faith or fault on the part of plaintiffs themselves as required by Allen v. Smith, 390 So.2d 1300 (La.1980).
[5] In Allen v. Smith, supra, the Louisiana Supreme Court concluded that plaintiff's failure to make discovery was attributable to inattention of his counsel and ordered the attorney to personally pay reasonable expenses of defendant's motion to dismiss, including court costs and attorney fees. If, on remand in the instant case, the district court finds that plaintiff's failure to comply with the discovery provisions of the October 29, 1981, judgment was caused by counsel's (Sims') fault or inattention, such relief would be appropriate here. Furthermore, the court is vested with authority to make such orders as are just, as provided by LSA-C.C.P. art. 1471.

Additionally, if after a contradictory hearing it is established that plaintiffs have failed to post security for costs, their suit should be dismissed without prejudice. LSA-R.S. 13:1215, 13:4522.