517 So.2d 250 (1987)
Charles SMITH
v.
ALLIED CHEMICAL CORPORATION, et al.
No. 86 CA 1438.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Writ Denied January 8, 1988.
Michael W. McKay, Baton Rouge, and Edmund W. Golden, New Orleans, for plaintiff-appellant Charles Smith.
Grayson H. Brown, Baton Rouge, for defendants-appellees Allied Chemical, et al.
Before WATKINS, CARTER and CHIASSON[*], JJ.
WATKINS, Judge.
This is a suit brought by plaintiff, Charles Smith, against defendants, Allied Chemical Corporation (Allied), and its insurer, Travelers Insurance Company (Travelers), on December 14, 1981 for injuries sustained when plaintiff was allegedly hit by falling scrap metal during a visit to Allied's plant on Scenic Highway in East Baton Rouge Parish, Louisiana. Tim Mauldin and William Davis were later joined as defendants on October 29, 1982.
The sole issue in this case is whether the trial court abused its discretion in ordering the dismissal with prejudice of plaintiff's suit against the defendants for failure to provide discovery. We find dismissal appropriate under the facts in this case and accordingly affirm the trial court's decision.
*251 Initially, Allied propounded interrogatories to the plaintiff on January 4, 1982. On January 13, 1984, pursuant to a motion to compel, judgment was rendered ordering plaintiff to answer the above mentioned interrogatories by February 3, 1984. Attorney's fees of $200.00 were also awarded. Neither plaintiff nor his counsel attended the hearing. No answer to these interrogatories is in the record and presumably none was ever filed.
A second judgment was rendered on November 9, 1984, ordering plaintiff to produce documents which had been requested in a subpoena duces tecum and served on his counsel on August 19, 1983. The November 9, 1984 hearing was on a rule to compel discovery filed by Allied and Travelers. The court ordered that the documents requested be produced by November 16, 1984, otherwise the court would strike the reconventional demand relative to the claim for damages by Metal Fabricators, Inc., (plaintiff's company) and/or claim of loss of income by Mr. Smith. Again, neither plaintiff nor his attorney was present at the hearing. Attorney's fees of $250.00 were awarded. No answer to this request is in the record and presumably none was ever filed.
Allied propounded a second set of twelve interrogatories on April 10, 1985, concerning the plaintiff's medical treatment and his loss of income. Again, Allied was forced to file a rule to compel discovery. The rule was heard on January 17, 1986, and by agreement of counsel in open court, the court ordered that the interrogatories be answered by the plaintiff within 15 days.
Due to the failure of plaintiff to answer the interrogatories, Allied and Travelers filed a Rule to Compel Discovery, Motion to Dismiss and Set Sanctions. The rule was heard on July 18, 1986, and neither plaintiff nor his counsel appeared. The court granted the motion, ordering that plaintiff's suit be dismissed at plaintiff's cost. Judgment was rendered July 18, 1986, in favor of Allied, Travelers, Tim Maudin, and William Davis, and against plaintiff, dismissing the plaintiff's lawsuit with prejudice.
On August 11, 1986, the plaintiff's motion for a new trial was denied and thereafter on September 16, 1986, a devolutive appeal was granted.
Article 1457 of the Louisiana Code of Civil Procedure authorizes a party to serve written interrogatories to be answered by another party. When a party served with such a request fails to file answers the court may, on motion, make such orders in regard to the failure as are just, including an order that the designated facts be taken as established, an order that the disobedient party be refused the right to support or oppose designated claims or defenses, an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment of default against the disobedient party, or an order assessing costs and attorney's fees caused by the failure against the disobedient party and his attorney, or both. Allen v. Smith, 390 So.2d 1300, 1301 (La.1980). LSA-C.C.P. arts. 1471, 1473.
The sanction of dismissal with prejudice is such a drastic penalty for failure to make discovery that the courts have concluded that it should only be applied in extreme circumstances. Allen, supra. Further, this court has held dismissal with prejudice to be the ultimate sanction for a recalcitrant plaintiff who fails to comply with discovery orders. Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734 (La.App. 1st Cir.1986). Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982).
The trial court has much discretion in selecting the appropriate sanctions for failure to comply with discovery orders, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse of discretion. Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985); Robinson, supra.
Dismissal with prejudice is an abuse of discretion where the record does not establish that the failure was due to the "wilfulness, bad faith or fault" of the plaintiff himself as opposed to his counsel. Allen supra at 1302.
*252 The question therefore becomes whether the actions, or rather inaction, of the plaintiff in the instant suit constituted extreme circumstances, tantamount to bad faith, justifying dismissal with prejudice.
We find sufficient evidence in the record of this case to support the sanction of dismissal with prejudice. Initially we note that the information sought by Allied in its interrogatories is both relevant and discoverable,[1] as it pertains to the plaintiff's medical treatment and his loss of income due to the alleged accident.
Plaintiff brought this suit in December of 1981, and with the exception of answering three interrogatories concerning insurance coverage of his company and a denial of a request for admissions, has provided no other requested information to the defendants. The plaintiff contends that the sanction of dismissal with prejudice is an inappropriate remedy in this case for failure to respond to a motion to compel discovery because there is no evidence of willfulness, bad faith or fault on his part. However, the plaintiff offers no explanation or justification for his direct disobedience of three court orders, spanning four and one-half years, to produce the requested information. Furthermore, the plaintiff makes no claim that he was not notified or was unaware of the proceedings through the fault of his attorney.[2] The plaintiff has offered nothing in the way of explanation or justification for his obstinate refusal to comply with the orders of the trial court.
The court must therefore assume that the plaintiff was aware of the proceedings and chose to ignore the court orders. The plaintiff was given three opportunities to comply with the orders of the trial court. He was assessed $450.00 in attorney's fees due to his continued failure to comply with requested discovery, and was warned by the court in its judgment of November 16, 1984, that failure to comply with the subpoena duces tecum would result in the court striking the reconventional demand relative to the claim for damages by Metal Fabricators, Inc. (plaintiff's company), and/or the claim for loss of income by the plaintiff. The plaintiff never appeared at the January 13, 1984 Rule to Compel, the November 9, 1984 Rule to Compel, the January 17, 1986 Rule to Compel, or the July 18, 1986 Rule to Compel and Set Sanctions. Plaintiff's counsel appeared at only the January 17, 1986 hearing where he agreed in open court to answer the defendants' interrogatories within 15 days. The interrogatories were never answered and resulted in the July 18, 1986 sanction hearing.
The plaintiff contends that the record does not support a finding that his failure was due to his willfulness, bad faith, or fault, and therefore the trial court should not dismiss the case with prejudice.
To allow such a result, because neither the plaintiff nor his attorney bothered to attend the July 18, 1986 sanction hearing, would impede the successful administration of justice and furnish an example to future litigants who would choose not to obey a court order and then seek to avoid dismissal.
The defendants' motion to dismiss and supporting memorandum, coupled with the contradictory hearing, provided sufficient supporting proof, together with the plaintiff's previous record of disobedience and refusal to appear in court, to justify a *253 finding of willfulness, bad faith or fault on the part of plaintiff.
For these reasons we find no abuse of discretion by the trial court. Any sanction other than dismissal would be futile in the instance case. The plaintiff has demonstrated a complete lack of respect for the previous orders of the trial court, and has offered no indication that a lesser sanction would prompt his compliance therewith.
For the foregoing reasons, we affirm the trial court judgment dismissing the plaintiff's suit at his cost. Costs of this appeal are to be borne by the plaintiff.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.
[1] LSA-C.C.P. art. 1422 reads as follows:

Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
[2] The plaintiff provided no affidavit in his motion for new trial attesting to who was at fault in failing to respond to the court's discovery order. Furthermore, the plaintiff made no such argument in his brief before this court.