537 So.2d 1267 (1989)
Fred T. ROGERS
v.
CHARITY HOSPITAL OF LOUISIANA IN NEW ORLEANS, et al.
No. 88-CA-0940.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
James E. Shields, Gretna, for plaintiff-appellant.
Gerald J. Nielsen, Windhorst, Gaudry, Talley, & Ranson, Harvey, for defendants-appellees.
Before BARRY, ARMSTRONG and BECKER, JJ.
BECKER, Judge.
This medical malpractice action was brought by Fred T. Rogers against various physicians and Charity Hospital for injuries allegedly sustained while hospitalized in September of 1983.
Plaintiff's suit was dismissed for failure to comply with an order to answer interrogatories within sixty days or face sanctions, including dismissal (La.Code of Civil Procedure Art. 1471). Plaintiff contends that he had in fact supplied the necessary answers and appeals the order of dismissal.
A Motion to Compel, filed by the defendants, was heard on June 19, 1987. Defendants' argued that plaintiff's answers to interrogatories were insufficient because they lacked specific allegations of negligence. Plaintiff's counsel advised the court that the specific acts could not be provided at that time as the hospital records were illegible. He further stated that experts for the plaintiff were examining the records and he was preparing to take depositions which would furnish the specific acts of negligence. The trial court at that hearing ordered plaintiff's counsel to provide complete, responsive and nonevasive answers to the requested discovery within sixty days or face sanctions, including dismissal. On October 6, 1987 the trial court judge signed the judgment, belatedly submitted by defense counsel, relating to the June 19, 1987 hearing and order.
Subsequently, the deposition of Dr. Mark Leberte, a defendant, was taken on July 8, *1268 1987, that of Dr. James Martin, plaintiff's expert, was taken on July 9, 1987, and that of Dr. Lensold S. Tuchman, another plaintiff's expert on October 24, 1987.
On October 14, 1987, with leave of court, a Supplemental Petition was filed by the plaintiff listing additional defendants and thirty-four specific acts of negligence.
On October 15, 1987 the trial judge transferred a motion to dismiss, filed by the defendants, to the Commissioner. On January 22, 1988, after hearing, the Commissioner recommended that plaintiff's suit be dismissed for failure to comply with the order of June 19, 1987.
The Commissioner held:
... Relative to the judgment of this court rendered on October 6, 1987 plaintiff has filed no pleadings since the rendition of said judgment, nor offered at said hearing an explanation or excuse which would satisfy a finding that the failure to comply with the judgment was substantially justified.
This appeal arises from the adoption by the trial court of the Commissioners recommendations to dismiss for failure to comply with the October 6, 1987 judgment.
The issue in this case is whether the trial court abused its discretion in ordering the dismissal of the plaintiff's suit for failure to provide discovery.
The trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders, and a judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse of discretion. Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982); C.C.P. Art. 1471. The sanction of dismissal is clearly the most severe and should be imposed only in extreme circumstances where the plaintiff is clearly aware that his noncompliance will result in dismissal of his action. Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir. 1985); Henson v. Copeland, 451 So.2d 41 (La.App. 2nd Cir.1984).
Dismissal with prejudice is an abuse of discretion where the record does not establish that the failure was due to the "willfulness, bad faith or fault" of the plaintiff himself, as opposed to his counsel. Allen v. Smith, 390 So.2d 1300 (La.1980); Smith v. Allied Chemical Corp, 517 So.2d 250 (La.App. 1st Cir.1987).
In the case at bar we find that the record does not support the sanction of dismissal.
The trial judge at the hearing on the motion to compel answers to interrogatories on June 19, 1987 was informed by plaintiff's counsel that he was unable to comply with discovery because the hospital records were illegible, and that depositions would be taken to supply the necessary answers.
Counsel for plaintiff did provide the defense with copies of depositions taken on July 8, July 9, and October 24th 1987 of three doctors which counsel contends enumerated the negligent acts of the various defendants. Additionally, on October 14, 1987 with leave of the trial court, a Supplemental Petition was filed listing additional defendants as well as thirty-four specific acts of negligence.
Plaintiff's counsel contends that these depositions and supplemental petition provided the defendants with the information sought by their interrogatories.
Plaintiff's counsel further alleges that he did not receive notice of the October 6, 1987 judgment nor did he consider himself to be in violation of the order of June 19, 1987 as he had provided the deposition and supplemental petition to defense counsel which he felt were adequate.
It is not clear from the record to what extent, if any, the plaintiff, rather than the attorney advising him, was at fault in failing to make discovery. The record does not indicate if the plaintiff himself was aware of the situation and is silent as to whether the plaintiff himself attended any of the various proceedings which were conducted by the court. There has been no showing that the failure to comply was due to the willfulness, bad faith or fault of plaintiff himself. Consequently, we feel that there is no evidence to support the drastic penalty imposed.
*1269 On the other hand, the plaintiff's initial non-compliance cannot be totally excused. While counsel for the plaintiff may have believed that he had complied with the trial judge's order of June 19, 1987, in fact he had not. Therefore, we reverse the trial court and remand this matter and order that the plaintiff answer the interrogatories presented on June 19, 1987 within ninety days of the date of this judgment or again face sanctions including dismissal. Cost of this appeal to be borne by plaintiff appellant.
REVERSED AND REMANDED.