551 So.2d 741 (1989)
Edrene BRUMFIELD, Provisional Tutrix of Chaketa Michelle Brumfield
v.
LALLIE KEMP CHARITY HOSPITAL, et al.
No. CA 88 1022.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
Ernest G. Drake, Jr., Ponchatoula, for plaintiff-appellant Edrene Brumfield.
Roy K. Burns, Jr., Covington, Marlise O. Harrell, Hammond, for defendant-appellee.
Stewart E. Niles, Jr., New Orleans, for Tulane University.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
This is an appeal from a judgment of the trial court which dismissed plaintiff's suit for failure to comply timely with an order compelling answers to outstanding discovery. Because we find an abuse of discretion, we reverse.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Edrene Brumfield, as provisional tutrix of the minor, Chaketa Michelle Brumfield, filed suit on the minor's behalf against numerous defendants for damages arising out of the wrongful death of Hattie Brumfield, the minor child's mother. The wrongful death was alleged to be the result of the malpractice of the named defendants who attended to the mother during the birth of the minor child.
*742 Plaintiff originally filed suit on January 21, 1985. On February 4, 1987, defendants filed a set of interrogatories which were sent to plaintiff's attorney. On February 18, 1987, defendants filed a Motion and Order for Production of Documents, wherein they requested that the plaintiff be ordered to produce the requested documents within thirty (30) days. On November 13,
1987, defendants filed a Motion to Compel Production of Documents and Answers to Interrogatories. The motion was granted, and plaintiff was ordered to show cause on January 18, 1988, why she should not be ordered to answer the outstanding discovery.
On January 21, 1988, after failure of plaintiff's counsel to appear at the January 18 hearing on the motion, the trial court rendered judgment on the motion wherein the plaintiff was ordered to produce the documents requested, as well as answer the outstanding interrogatories. The judgment noted that all documents previously ordered to be produced be produced within twenty-one (21) days, whereupon failure to comply would result in dismissal of plaintiff's suit, at her cost. On February 17, 1988, defendants filed a Motion to Dismiss based upon plaintiff's failure to comply with the court's previous order. On the same day, the court granted the motion and dismissed plaintiff's suit.
On February 22, 1988, plaintiff attempted to comply with defendants' outstanding discovery by filing answers to interrogatories and by providing a portion of the documents requested. Also, on February 22, plaintiff filed a Motion and Order for Vacation of the Motion to Dismiss. The trial judge granted the motion and vacated his previous order of dismissal. On February 24, 1988, defendants applied for writs to this court, complaining of the trial judge's granting of plaintiff's motion to vacate the previous judgment of dismissal. This court in CW/88/0536 reinstated the original judgment of dismissal for the reason that the trial court's judgment of dismissal was a final judgment and defendant's proper method to alter the substance of such a judgment was to file a timely motion for new trial in the trial court or by appeal to this court. From the original judgment of dismissal, plaintiff perfected this appeal.

LAW
Louisiana provides authority for a trial court's dismissal of actions for failure to comply with valid discovery orders. LSA-C.C.P. art. 1471 and 1473. Nonetheless, the sanction of dismissal with prejudice, being such a drastic penalty, should be preserved for extreme circumstances. Allen v. Smith, 390 So.2d 1300, 1301 (La. 1980) (citations omitted). In addition, the record must contain sufficient evidence of plaintiff's willful disobedience, bad faith, or fault, in order to justify the dismissal. If the record does not contain evidence of plaintiff's, rather than counsel's fault, the trial court, if it grants dismissal, abuses the wide discretion afforded it by LSA-C. C.P. art. 1471. Tabor v. McDermott, Inc., 521 So.2d 625, 627 (La.App. 1st Cir.1988); see also Succession of R.R. Miller, 432 So.2d 1043, 1046 (La.App. 1st Cir.1983). Since this record does not indicate any fault on the part of the plaintiff, we reverse the dismissal and remand for trial on the merits.
We note that LSA-C.C.P. art. 1471 does allow for sanctions other than dismissal. Also, the record does indicate that plaintiff's counsel may have contributed to the failure to comply timely with discovery requests. As indicated in Allen, 390 So.2d at 1302, when an attorney for a party fails to comply with discovery orders, such noncompliance cannot be excused. Offending counsel should at least be required to pay reasonable expenses of discovery procedures necessary to compel compliance, including costs and attorney fees in the trial and appellate courts. Accordingly, this case is remanded to the trial court for a hearing to determine and assess reasonable expenses against Ernest G. Drake, Jr., individually. See Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982).
REVERSED AND REMANDED.