WARD, Judge.
Steve and Michelle Trosclair, husband and wife, sued Transportation Insurance Company[1], their uninsured motorist carrier, alleging they sustained injuries when their vehicle was rear ended by a “phantom” hit and run driver September 9, 1988.
Transportation moved for a summary judgment, claiming their insureds, Mr. and Mrs. Trosclair, refused to cooperate with its investigative efforts, thereby unfairly prejudicing its rights. In granting Transportation’s motion, the trial court noted:
... plaintiffs have been uncooperative with the defendant to such a degree that the defendant was materially prejudiced. Therefore it is the opinion of this court that summary judgment is appropriate in this case.
The court reaches this decision after considering Freyou v. Marquette Casualty Company, 149 So.2d 697 (1963) which provides that ‘To relieve an insurer of liability, breach of cooperation clause must be both material and prejudicial.’ Also, ‘Each case rests on its own facts and circumstances.’
Transportation produced depositions and affidavits showing that Mr. and Mrs. Tros-clair could not provide the license number or any description of the vehicle allegedly striking them; nor could they produce any disinterested witness despite the fact that they l2claimed to have been stopped in a traffic snarl in the New Orleans Central Business District when the accident occurred; they did not report the accident to the police at any time, and did not even report the accident to their insurer for almost two weeks. When they finally reported the accident they represented that it was for reporting purposes only and that no claim was being made. When Transportation sent an adjuster to investigate the claim and obtain a sworn statement, Mr. and Mrs. Trosclair put him off for weeks, and then refused to acknowledge the adjuster’s letter requesting cooperation.
Mr. and Mrs. Trosclair filed suit against Transportation before ever permitting a vehicle inspection or furnishing a statement. When Transportation’s attorney contacted Mr. and Mrs. Trosclair’s attorney their attorney advised him that they would submit only to an adversarial deposition. Their petition is a claim which alleges serious bodily injury *1170 to Mr. Trosclair, and other damages to Mrs. Trosclair, which is contrary to their initial report to the adjuster. Finally, after suit was filed, and when an inspection of their vehicle was required, Transportation’s experts could find no damage to the vehicle.
In opposition to Transportation’s motion for summary judgment, Mr. Steve Trosclair filed an affidavit stating that his car was rear ended by a vehicle which he cannot describe, driven by an unknown person. He did not report the accident to the New Orleans Police because the city was under hurricane evacuation and people were told not to report accidents of this nature. He did not feel any pain until several days after the accident at which time he consulted his physician. When he learned of his injuries, a herniated disc, he immediately notified his insurance carrier. Although his job required his absence from the city on numerous occasions, he attempted to cooperate by allowing the adjuster access to the vehicle for inspection, but the adjuster on two occasions failed to keep appointments. No repairs have been made to the vehicle since the date of the accident. While he did not give a sworn statement to the insurance company, he did submit to a deposition taken by his insurer’s attorney.
IsThe issue in this appeal of an adverse summary judgment is whether there is a genuine issue of a material fact as to insurance coverage. La.C.C.P. art. 966 D.[2] Transportation has shown that they did not receive timely notice, as the policy requires. Additionally, Transportation’s policy is conditioned upon cooperation of the insured with the insurer, and Transportation claims that Mr. and Mrs. Trosclair’s refusal to cooperate was of such a magnitude and so prejudiced it that a devolutive condition of non-cooperation terminated coverage.
As to timely notice, Miller v. Marcantel, La., 221 So.2d 667, 559 sets out the purpose of notice to an insurer:
The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured’s failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.
As to the refusal to cooperate, we agree with Freyou v. Marquette Casualty Co., La., 149 So.2d 697, each case rests on its own facts and circumstances, moreover,
The purpose of the cooperation clause is to require the insured to disclose all of the facts within his knowledge, and otherwise aid the company to determine its liability under the policy. It is not the obligation of an insured to assist the insurance company to defeat its liability. The obligation of the company is to pay the damage if hable and not to refuse to pay it, regardless of liability....
Therefore, in a motion for summary judgment where coverage is denied because of either failure to give timely notice or refusal to cooperate, the central question is whether there is prejudice to the insurer. Stated in other words, is there a genuine issue of material fact as to whether Transportation has been prejudiced?
uThe burden is on the insurer to show actual prejudice. Fakouri v. Insurance Co., La.App. 378 So.2d 1083. Transportation has argued general prejudice, but has not shown how it is prejudiced, nor has it shown any particular prejudice. Mr. and Mrs. Trosclair have attempted to show by affidavit both cooperation and lack of prejudice. Thus, there is a genuine issue of material fact whether there was a refusal to cooperate and if so, whether it so prejudiced Transpor *1171 tation that the Court should give effect to a devolutive condition excluding coverage. The conduct of the insured, following the accident, is relevant and material to the issues of cooperation, material prejudice, and credibility as to liability and damages.
Transportation has not shown in either its motion or in the affidavits filed in support of the motion, or elsewhere, how or in what manner or respect it has been prejudiced by Mr. and Mrs. Trosclair’s failure to promptly notify it of the accident.
When there are contradictions based on factual issues created by depositions and affidavits, a party is not entitled to a summary judgment. Security Homestead Federal Sav. Corp. v. Ullo, 589 So.2d 5 (5th Cir.1991). If evidence presented is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is not proper; only when reasonable minds must inevitably concur is summary judgment warranted, and any doubt should be resolved in favor of trial on the merits. Dearie v. Ford Motor Co., 583 So.2d 28 (5th Cir.1991), writ denied, 588 So.2d 1117.
For the foregoing reasons, we reverse the lower court judgment and reinstate Mr. and Mrs. Trosclair’s claims.
REVERSED
BARRY, J., dissents with reasons.

. Plaintiffs erroneously designated the defendant as "CNA Insurance Company” in the petition.

. We have reservations concerning whether summary judgment is ever appropriate where an insurer claims a devolutive condition (refusal to cooperate) became operative, terminating the insurer's contractual obligations. It seems that the issue will always be a factual one that should be decided by a trial on the merits or by directed verdict.