**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

No. 08-31060
Summary Calendar

Charles R. Fulbruge III
Clerk

MEHDI MOSADEGH, Doctor; CLAIRE MOSADEGH

Plaintiffs - Appellants

v.

STATE FARM FIRE AND CASUALTY CO.

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-4427

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

The district court granted the defendant State Farm's summary judgment motion on the claims failed against it by its insureds, the Mosadeghs, whose house was damaged in Hurricane Katrina. We review de novo.

The district court held that the Mosadeghs could not recover against State Farm under their insurance policy because they, on multiple occasions, failed to submit to an examination under oath as required in the policy. On appeal, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mosadeghs argue that State Farm sent them letters denying coverage before the scheduled examinations under oath, justifying their absence. But, as the district found, the letters unequivocally state that State Farm was "reserv[ing] its rights under the policy, including the right to deny coverage in its entirety" should the concealment of fraud become known. The letters also advised that State Farm was still in the process of analyzing the claim for coverage. On their face, the letters did not deny coverage and did not justify the Mosadegh's failure to submit to an examination under oath.

Because Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy,[1] the Mosadegh's failure served as a basis on which to grant State Farm's summary judgment motion.

The district court also found that State Farm showed that it had been prejudiced by the failure of the plaintiffs to submit to examinations under oath. The Mosadeghs challenge this finding, and for its part State Farm suggests it need not even show prejudice. We do not pause on that Louisiana law question, because State Farm has certainly demonstrated prejudice to its investigation and adjustment capacity through the Mosadeghs' unwillingness to submit to the required examinations, as the district court held.

AFFIRMED.

---

[1] *See, e.g., Lee v. United Fire & Casualty Co.*, 607 So. 2d 685, 688 (La. App. 1992); *Robbert v. Equitable Life Assur. Soc.*, 217 La. 325, 343 (1949).