Oscar and Elsie HAMILTON, Plaintiffs–Appellants

v.

STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Defendant–Appellee.

No. 11–31072
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 30, 2012.

Salvador M. Brocato, III, Metairie, LA, for Plaintiffs–Appellants.

David A. Strauss, Susan Elizabeth Dinneen, King, Krebs & Jurgens, P.L.L.C., New Orleans, LA, for Defendant–Appellee.

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Oscar and Elsie Hamilton filed suit for breach of contract against their insurer, State Farm Fire & Casualty Insurance Company, under a homeowners policy between the parties. State Farm moved for summary judgment on the grounds that the Hamiltons materially breached the policy's cooperation clause and were, therefore, precluded from seeking to enforce the policy. The district court granted summary judgment in favor of State Farm, dismissing the Hamiltons' claims. For the reasons stated herein, we AFFIRM.

## I.

The Hamiltons obtained a homeowners policy from State Farm insuring their residential property located on Marks Street in New Orleans, Louisiana. After the Marks Street property was severely damaged by Hurricane Katrina, the Hamiltons moved out of the home but retained the homeowners policy insuring the property. The Hamiltons then purchased a Toyota storage truck which they kept on the Marks Street property. The storage truck was inoperable and there was no active insurance policy on the vehicle.

The Hamiltons ultimately moved to separate residences but remained legally married. Ms. Hamilton moved to a residence in Harahan and Mr. Hamilton moved in with family in Metairie. According to Mr. Hamilton, he drove by the Marks Street property on July 23, 2010 and realized that the storage truck was missing. On July 28, 2010, Mr. Hamilton reported the alleged theft to the New Orleans Police Department and subsequently contacted State Farm to submit an insurance claim.

The homeowners policy between the parties at the time of the loss contained the following relevant provisions:

Section I—Conditions

(2) Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:

(a) give immediate notice to us or our agent. Also notify the police if the loss is caused by theft[.]

. . .

(c) prepare an inventory of damaged or stolen personal property. Show in detail the quantity; description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

(d) as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with records and documents we request and permit us to make copies;

(3) submit to and subscribe, while not in the presence of any other insured:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(a) statements; and

(b) examinations under oath; and

(4) produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so[.]

After being notified of the claim in July 2010, State Farm mailed Personal Property Inventory Forms ("PPIFs") to the Hamiltons so they could document their loss. In early September 2010, the Hamiltons submitted the completed PPIFs to State Farm listing 292 items with a total value of $120,908.73. The items listed in the PPIFs included $13,000 in cash, approximately $45,000 in jewelry, eight computers, silverware, pots, pans, clothing, shoes, purses, and items purchased on vacation trips over the past three years. The Hamiltons stated that most of the items in the truck had been purchased with cash and that they kept the receipts in a trash bag inside the truck. After several weeks, the Hamiltons were able to obtain and provide to State Farm some duplicate receipts from the Home Shopping Network and QVC.

On September 24, 2010, State Farm obtained a recorded statement from Mr. Hamilton detailing the circumstances under which he purchased the storage truck, the status of the Marks Street property with regard to repairs and renovations, his estimated value of the property in the storage truck, his lack of employment, his restaurant ownership, and his disability due to back problems and related surgeries. On October 21, 2010, State Farm obtained a recorded statement from Ms. Hamilton which provided more information regarding the items inside of the storage truck, stated that repairs and renovations were never performed at the Marks Street property, and detailed the existence of a secured storage unit the Hamiltons had at Go Mini on the Westbank.

The next day, State Farm requested to inspect the Hamiltons' separate residences in Harahan and Metairie. The Hamiltons initially agreed, but when State Farm contacted them to schedule the inspections, they declined and stated that they were obtaining an attorney. State Farm continued to request inspections of the residences via written letters and further requested additional documentation in support of their claimed losses. On November 1, 2010, the Hamiltons submitted signed statements regarding their losses but continued to refuse to consent to State Farm's inspection of the other residences or to provide additional documentation in support of their claimed losses. In mid-November 2010, State Farm requested examinations under oath from the Hamiltons in an effort to resolve the outstanding claim but the Hamiltons did not respond. State Farm sent a second request for examinations under oath on December 1, 2010 but received no response from the Hamiltons.

On December 2, 2010, the Hamiltons filed suit against State Farm for breach of contract, damages, and bad faith penalties. On December 20, 2010, State Farm denied the Hamiltons' pending claim, citing lack of cooperation under the policy. In August 2011, State Farm moved for summary judgment on the grounds that the Hamiltons had materially breached the policy's cooperation clause by not consenting to State Farm's request for examinations under oath or its inspection of their other residences. State Farm argued that the Hamiltons' material breach precluded them from seeking to enforce the policy and from obtaining bad faith penalties due to State Farm's denial of the claim. In October 2011, the district court granted summary judgment in favor of State

Farm, holding that the Hamiltons had materially breached the policy's cooperation clause, and were thus precluded from seeking to enforce the policy and from obtaining attorney fees, costs, or penalties. This appeal ensued.

## II.

This court reviews a district court's grant of summary judgment de novo. *Admiral Ins. Co. v. Ford*, 607 F.3d 420, 422 (5th Cir.2010). Summary judgment is appropriate when the evidence before the court shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).

The interpretation of an insurance contract is also reviewed de novo. *Admiral Ins. Co.*, 607 F.3d at 422. Louisiana law provides that an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Cadwallader v. Allstate Ins. Co.*, 02–1637, (La.6/27/03), 848 So.2d 577, 580; *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La.1994). "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Cadwallader*, 848 So.2d at 580.

"In an insurance contract, the insured's duty to provide information ordinarily arises only under the express policy obligations." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Cagle*, 68 F.3d 905, 912 (5th Cir.1995). Cooperation clauses in insurance contracts "fulfill the reasonable purpose of enabling the insurer to obtain relevant information concerning the loss while the information is fresh." *Holden v. Connex–Metalna Mgmt. Consulting*, No. Civ. A.98–3326, 2000 WL 1741839, at *2 (E.D.La. Nov. 22, 2000). "Compliance

with insurance policy provisions are conditions precedent to recovery under that policy, which must be fulfilled before an insured may proceed with a lawsuit." *Mosadegh v. State Farm Fire and Cas. Co.*, No. Civ.A. 07–4427, 2008 WL 4544361, at *3 (E.D.La. Oct. 8, 2008) (citing *Lee v. United Fire & Casualty Co.*, 607 So.2d 685, 688 (La.App. 4th Cir.1992)). "[F]ailure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy." *Mosadegh*, 2008 WL 4544361, at *3. Such failure may be "manifested by a refusal to submit to an examination under oath or a refusal to produce documents." *Id.* at *3.

"[T]he purpose of the oral examination of the insured is to protect the insurer against fraud, by permitting it to probe into the circumstances of the loss, including an examination of the insured[.]" *Mosadegh*, 2008 WL 4544361, at *3. The defendant must also show that it has been prejudiced by the failure of the plaintiffs to submit to examinations under oath. *Id.* at *4 (citing *Trosclair v. CNA Ins. Co.*, 637 So.2d 1168, 1170 (La.App. 4th Cir.1994)). "The burden is on the insurer to show actual prejudice." *Id.* at *4.

In this case, the Hamiltons reported the alleged theft to local law enforcement, submitted their claim to State Farm, and returned the PPIFs to State Farm as requested; the Hamiltons failed to provide most of the supporting documentation of their loss as requested by State Farm, with the exception of a few duplicate receipts. When asked for the additional documentation, the Hamiltons simply provided their sworn statements as to the losses claimed, without providing the additional supporting documentation requested.

The Hamiltons' failure to comply with State Farm's request to examine the sepa-

rate residences in which they lived, while not expressly required under the policy's cooperation clause, appears from the record to have been the event which prompted State Farm to request the examinations under oath. The Hamiltons, however, failed to respond to State Farm's multiple verbal and written requests for examinations under oath. Their failure to do so was in direct violation of the policy's cooperation clause provision, Section 1—Conditions, (2)(d)(3)(b), and is thus considered a "material breach of the contract." *Mosadegh*, 2008 WL 4544361, at *3. The Hamiltons concede in their brief that they failed to respond to State Farm's request for their examinations under oath but submit that State Farm was not prejudiced by their refusals because they would have consented to depositions to be taken later in the litigation. This argument is not persuasive. The underlying purpose of a cooperation clause is to allow the insurer to obtain the material information it needs from the insured to adequately investigate a claim of loss prior to the commencement of litigation proceedings. *Mosadegh v. State Farm Fire & Cas. Co.*, 330 Fed. Appx. 65, 66 (5th Cir.2009).

Without the additional requested documentation in support of their loss or their sworn statements under oath, State Farm had nothing but the Hamiltons' original recorded statements, which often conflicted with each other factually, and several duplicated receipts to process their claim of over $120,000 in losses. Consequently, it is clear that State Farm's investigation into the claim was prejudiced from the Hamiltons' failure to comply with the terms of the cooperation clause.

Because the Hamiltons materially breached the terms of the policy by failing to comply with the terms of the cooperation clause, they were precluded from recovering under the policy. Additionally,

considering that State Farm's denial of the claim was due to the Hamiltons' material breach of the policy, the Hamiltons are also precluded from recovering penalties and attorney fees.

### III.

For the foregoing reasons, we AFFIRM the district court's summary judgment in favor of State Farm Fire & Casualty Insurance Company, dismissing the Hamiltons claims in all respects.