# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2013

Lyle W. Cayce
Clerk

No. 12-30332

JOHN KERR,

Plaintiff - Appellant

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-113

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant John Kerr appeals the district court's grant of summary judgment in favor of defendant-appellee State Farm Fire & Casualty Company ("State Farm"). We review de novo, applying the same standard as the district court. *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30332

In October 2010, Kerr contacted State Farm and reported that his bass boat and fishing equipment had been stolen from his home. State Farm provided insurance on the boat at the time it was reported stolen. Under the insurance policy, Kerr was required, upon the loss of covered property, to provide State Farm with "records and documents [that it] request[ed]," and to "submit to examinations under oath" ("EUO"). The policy also provided that "[n]o action shall be brought [against State Farm] unless there has been compliance with the policy provisions." In November 2010, State Farm requested that Kerr provide an EUO. Kerr refused, instead deciding to retain counsel and file suit against State Farm. The district court granted summary judgment in favor of State Farm on the basis that Kerr's refusal to submit to an EUO and provide requested documents constituted a material breach of the insurance policy, precluding Kerr from recovering in a suit under the policy.

In Louisiana, insurance policies are "subject to the general rules of contract interpretation as set forth in [the] civil code." *Succession of Fannaly v. Lafayette Ins. Co.*, 01-1144 (La. 1/15/02); 805 So. 2d 1134, 1137. "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written." *Id.* As this court has recently explained, under Louisiana law the "[f]ailure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy" and such failure to cooperate "may be manifested by a refusal to submit to an examination under oath or a refusal to produce documents." *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 165 (5th Cir. 2012) (unpublished) (internal quotation marks omitted); *see also Lee v. United Fire & Cas. Co.*, 607 So. 2d 685, 688 (La. Ct. App. 1992) ("[T]he failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy."). Kerr argues that "[f]or coverage to be excluded for an insured's violation of an insurance policy's

No. 12-30332

cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer."[1] *Williams v. Lowe*, 2002-355 (La. App. 5 Cir. 10/16/02); 831 So. 2d 334, 336.

On appeal, Kerr acknowledges that he refused to submit to an EUO, but argues that State Farm has failed to show prejudice.[2] With its motion for summary judgment, State Farm produced affidavits from members of its Special Investigative Unit stating that an EUO is an important tool in the claim investigation process and that by refusing an EUO, Kerr impeded State Farm's ability to gather information about the claim. This evidence was sufficient to show that the refusal to take an EUO prejudiced State Farm's investigative process. *See Mosadegh v. State Farm Fire & Ins. Co.*, 330 F. App'x 65, 66 (5th Cir. 2009) (unpublished) (holding that under Louisiana law, the appellee insurance company "has certainly demonstrated prejudice to its investigation and adjustment capacity through [plaintiff-appellant's] unwillingness to submit to the required examinations [under oath]."); *see also Lee*, 607 So. 2d at 688 (noting that when determining whether an insured's breach of a cooperation clause should constitute a defense to a suit on the policy, "[a]n outright refusal to submit to an examination [under oath] is the easy case." (quoting *Stover v. Aetna Cas. & Sur. Co.*, 658 F. Supp. 156, 160 (S.D.W.Va. 1987))). Accordingly, the judgment of the district court is AFFIRMED.

---

[1] State Farm argues that prejudice need not be shown when an EUO is refused in a first-party case. We need not decide this question as we conclude that State Farm proved prejudice.

[2] Kerr alternatively argues that the district court should have dismissed the case without prejudice. However, to the extent that this argument is separate and distinct from the argument that State Farm failed to show prejudice, Kerr does not point to any supporting authority. Accordingly, the argument is waived. *See Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006).