712 So.2d 925 (1998)
Annis DESADIER, Plaintiff-Appellee,
v.
SAFEWAY INSURANCE COMPANY, et al., Defendant-Appellant.
No. 97-1412.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1998.
*926 Robert Lyle Salim, Natchitoches, for Annis Desadier.
Tracy L. Oakley, Ruston, Safeway Insurance Company, et al.
Before YELVERTON, SAUNDERS and PICKETT, JJ.
SAUNDERS, Judge.
Defendant-insurer appeals the trial court's judgment awarding plaintiff policy limits of $10,000 towards satisfaction of the total award of $50,000.00 in damages. The insurer claims that the insured, who is plaintiff's husband, refused to cooperate and aid defendant-insurer in investigating plaintiff's claim; therefore, defendant-insurer alleges that coverage did not exist pursuant to insured's failure to abide by the cooperation clause contained in the insurance policy. For the following reasons, we affirm the judgment maintaining coverage, but amend the judgment to assess the phantom motorist with fifty percent fault in causing the accident.

FACTS
This matter arises out of an accident which occurred on Saturday, December 9, 1995, at approximately 6:27 p.m. on La. Hwy. 4 in Bienville Parish. Defendant, Ronnie Desadier, accompanied by plaintiff, Annis Desadier, his wife, was traveling eastbound on Hwy. 4 when they preceded over the crest of a hill. *927 On the down slope of the hill was another vehicle that was stalled in the road without lights. Mr. Desadier swerved to avoid a collision with the stalled vehicle, lost control and rolled his vehicle, resulting in severe injuries to his wife. Shortly after the accident, the phantom vehicle was recovered and removed from the scene before it could be identified. The owner of the phantom vehicle was never discovered.
At trial, both Mr. Desadier and his wife testified that immediately preceding the accident, Mr. Desadier was both inattentive and exceeding the posted speed limit. Plaintiff alleges in her brief that had Mr. Desadier been attentive and exercised proper care in the operation of his vehicle, he would have had plenty of time to avoid the parked car. Safeway Insurance Company (Safeway), defendant-insurer providing coverage on the Desadier vehicle, alleges that Mr. Desadier's testimony is inconsistent with information given by him to the state trooper who investigated the accident. Safeway claims that Mr. Desadier's change in his position regarding the events immediately preceding the accident was the result of collusion between his wife and her attorney and, as such, was solely for the purpose of his pecuniary gain. This conduct, Safeway claims, is in violation of a cooperation clause contained in the policy in force and thus rendered the policy void. The trial court disagreed and found that Mr. Desadier was, in fact, negligent in causing the accident and awarded plaintiff $50,000.00 in damages. Safeway was cast in judgment for the Uninsured Motorist (UM) policy limits of $10,000. From this ruling, Safeway appeals.
Safeway claims that the trial court erred in finding Mr. Desadier negligent with respect to the accident. Safeway further contends that Mr. Desadier's refusal to communicate with numerous request on behalf of the insurer amounted to a violation of the cooperation clause contained in the insurance contract, thereby absolving Safeway of liability in this case.

LAW AND ARGUMENT
In its first assignment of error, Safeway argues that the trial court erred in rejecting its defense that Mr. Desadier's refusal to assist and cooperate in the defense of this matter, violated the cooperation clause of his policy and thus, voided coverage.
The cooperation clause of the insurance policy, in pertinent part, reads as follows:
5. Assistance and Cooperation of the Insured. The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceeding in connection with the subject matter of this insurance.
Safeway points out that on a number of occasions, it attempted to contact Mr. Desadier, both by mail and by telephone, with no success. Mr. Desadier testified at trial that the reason he failed to contact Safeway's representative was that he believed that he was being represented by his wife's attorney.
In addition, Safeway complains that the problem was compounded when, at trial, Mr. Desadier changed his version of the events from that which he stated in the accident report, thereby resulting in unfair surprise and prejudice against the insurer.
In its oral reasons for judgment, the trial court found that:
... Mr. Desadier hasn't intentionally done anything to be uncooperative. He is simply ignorant as to the insurance contract specifically and to business transactions in general. Mr. Desadier isthe testimony shown here todayis an unsophisticated, functionally illiterate individual, who wrecked his car and injured his wife. He and his wife contacted an attorney. From the testimony I have heard here today, I don't think Mr. Desadier understoodas a matter of fact its pretty clear, he thought he was hiring a lawyer for himself.... But, at any rate, he and his wife contacted an attorney and turned this matter over to the attorney. After that, they took all this correspondence to their attorney. The correspondence which has been put into evidence here today indicates that these matters were taken to the attorney and that the attorney spoke to Mr.

*928 Hidalgo, who was the adjuster. Mr. Hidalgo testified that he was never denied the right to question Mr. Desadier, either to take his statement in writing or to take his deposition. The court further notes that Mr. Desadier is likewise unsophisticated and certainly not a business person. These folks live in a very remote area of this parish. Their business dealings are very limited and the court simply feels that they did not understand what was going on here. They did the best they could. They took these papers to their lawyer and turned them over to him.
It is a well-settled principle that a trial court's findings of fact shall not be set aside by an appellant court in the absence of manifest error or unless the findings are clearly wrong. Lewis v. State, through Dept. of Transportation and Development, 94-2370 (La.4/21/95); 654 So.2d 311. Furthermore, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Weatherford v. Commercial Union Ins., 94-1793 (La.2/20/95); 650 So.2d 763. When there are two permissible views of the evidence, the factfinders choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989), on rem'd, 558 So.2d 1360 (La.App. 4 Cir.1990), writ denied, 561 So.2d 105 (La.1990).
After a thorough review of the record, we find that the trial court was reasonable in its conclusion that Mr. Desadier did nothing intentionally to be uncooperative. Additionally, we find no manifest error on the part of the trial judge in accepting Mr. Desadier's testimony that he was negligent in causing the accident. Defendant argues this testimony is inconsistent with that given to the state police immediately following the accident, but the trial judge, as the ultimate trier-of-fact, has great discretion in evaluating the credibility of witnesses. We cannot conclude he was unreasonable in accepting Mr. Desadier's testimony at trial as true.
We further note that, in order for coverage to be excluded pursuant to an insurance policy's cooperation clause, the breach on the part of the insured must be material and prejudicial to the insurer. Freyou v. Marquette Cas. Co., 149 So.2d 697 (La.App. 3 Cir.), writ refused, 244 La. 154, 150 So.2d 771 (1963). In our opinion, this requirement has not been met. The insurer, as a professional defender of lawsuits, is held to a higher standard than an unskilled practitioner. Maryland Cas. Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1 Cir.1993). Safeway claims that Mr. Desadier's failure to answer its letters constituted a material and prejudicial breach, in that it failed to allow Safeway to put together an adequate defense. We are not persuaded by this argument. Mr. Chris Hidalgo, Safeway's Claims Adjuster for the Desadier accident, testified at trial that an attempt was never made to contact Mr. Desadier at his home, in person, and further, that at no time were there any attempts to depose or subpoena Mr. Desadier. In spite of this, Safeway bases its claims on the fact that Mr. Desadier failed to answer its letters and telephone calls. However, it is clear that further steps could have been taken to secure statements from Mr. Desadier, and we find that the trial judge was not unreasonable in finding that Mr. Desadier was not intentionally uncooperative. The record clearly shows that he is a functionally illiterate individual and lacking in common business knowledge. Finally, we note that, in such factually sensitive cases, as when the insured is related to plaintiff, it cannot reasonably be expected that an insured will act diligently in taking steps which may be adverse to the claims of a loved one. Nevertheless, even had Mr. Desadier voluntarily engaged in pre-trial discourse with Safeway's representatives, this would have done little in aiding its defense, as there was little or no information that he could have provided which otherwise would have not been available at trial.

ALLOCATION OF FAULT
In its second assignment of error, Safeway contends that the trial court erred in finding Mr. Desadier 100% at fault in causing the accident. In Watson v. State Farm Fire and Casualty Ins. Co., et al., 469 So.2d 967 (La.1985), the Louisiana Supreme Court set forth guidelines in assessing comparative fault among parties:

*929 In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
Id. at 974.
Considering all of the facts before us, we find that the trial judge was clearly wrong in failing to assess the phantom vehicle with at least 50% of the fault, which is the least amount of fault reasonable under the circumstances. There is no doubt that the phantom driver created a hazardous condition in leaving a parked car in the roadway with no lights just beyond the crest of a hill. Furthermore, this driver clearly should have been aware of the dangers involved.
When a vehicle is disabled and must be parked temporarily upon the main travel part of a highway, it is the motorist's duty to remove the vehicle as soon as possible and to "protect traffic" until the vehicle is removed from the highway. Toten v. General Motors Corp., 479 So.2d 957 (La.App. 3 Cir.1985). Nevertheless, an approaching motorist has the duty to discover a stalled vehicle, if he can do so with the exercise of the required degree of care, and even if the obstruction is illegal, motorists are not excused from exercising the required degree of care in observing the stalled vehicle. Lindstrom v. Arnold, 421 So.2d 1178 (La.App. 2 Cir.), writ denied 423 So.2d 1183 (La.1982).
In light of the above principles, and considering the totality of the circumstances, we find that the motorist who was operating the phantom vehicle in the present case was negligent in leaving the vehicle just beyond the crest of the hill, creating a condition of imminent peril to other motorists. As such, we find that the phantom motorist should have been assessed at least 50% of the fault.
Although Safeway contends that Mr. Desadier should have been assessed with none of the fault, we do not reach such a conclusion. The trial judge obviously found the testimony of the Desadiers' to be convincing and thus, concluded that Mr. Desadier was inattentive and negligent in operating his vehicle above the posted speed limit. The trial judge based this conclusion primarily on the distance the car traveled beyond the point at which Mr. Desadier attempted to avoid the phantom vehicle. Apparently, the Desadier vehicle laid over 140 feet of skid marks, then left the road surface and traveled another 108 feet, after which it traveled through the air 70 feet and then came to rest a short distance later. This indicated to the trial judge that Mr. Desadier was traveling at a rather high rate of speed. In light of this reasoning, we agree that Mr. Desadier was at least partly negligent in causing the accident.
Since we find that, under the circumstances, the least amount of fault that the trial judge reasonably could have found on the part of the phantom motorist was 50%, we now reallocate fault. Mr. Desadier is hereby allocated with 50% of the fault in causing the accident and the phantom motorist is likewise found to be 50% at fault.

DECREE
In light of the foregoing, we find that the trial judge was not manifestly erroneous in finding that Mr. Desadier was not in violation of the cooperation clause contained in the insurance policy, and thus, coverage under the policy was appropriate.
We further find that a reallocation of fault is appropriate under the circumstances and hereby amend the judgment of the trial court to assess the phantom motorist with 50% fault in causing the accident. All cost of this appeal are assessed to appellant, Safeway Insurance Company.
*930 AFFIRMED AS AMENDED IN PART AND RENDERED.