3THOMAS F. DALEY, Judge.
This appeal stems from the granting of a Summary Judgment in favor of American Deposit Insurance Company (hereinafter referred to as American) against its insured, Kathy S. Lowe. The Summary Judgment dismissed American from the litigation declaring that American had no duty to indemnify or defend its insured due to her failure to cooperate in the defense of this matter. Plaintiffs have appealed the Summary Judgment granted in favor of Ms. Lowe’s insurer, American. For the reasons that follow, we reverse.
FACTS:
This legal dispute arose out of an automobile accident. The plaintiff, Debra Williams, alleges that she and her minor child were injured when her vehicle was struck by a car driven by Patricia Tucker, who disregarded a stop sign. The plaintiffs filed |4suit against the owner of the car Kathy Lowe, individually and as the parent of the minor child, Patricia Tucker, and Ms. Lowe’s insurer, American.
American claims that it was unable to obtain the cooperation of Ms. Lowe. Ms. Lowe’s deposition was scheduled on four occasions; on at least one of those occasions she was served with a subpoena to appear for the deposition. After Ms. Lowe’s failure to appear, American filed a Motion for Summary Judgment claiming that, because Ms. Lowe refused to cooperate, American had no duty to defend or indemnify her.
In support of their Motion for Summary Judgment, American cites the portions of their policy that state the duty of an insured following an accident. The policy states:
You must:
*336 [[Image here]]
2. Cooperate with us and help us in any matter about a claim or suit
[[Image here]]
[[Image here]]
7. Submit to statements under oath and subscribe the same as we may reasonably require.
American argues that because Ms. Lowe’s breach of this cooperation clause was both material and prejudicial to them they have no duty to defend and indemnify Ms. Lowe.
The plaintiffs and their insurer, the Miller Casualty Insurance Company of Texas, (Miller), argue that the coverage provided to Ms. Lowe is absolute and even if Ms. Lowe has been uncooperative, American cannot retroactively deny coverage for this accident.
The Summary Judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions; the procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966A(2). Summary Judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on | ¿file together with the affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966B. Appellate courts review Summary Judgment de novo, using the same criteria applied by the trial court to determine whether Summary Judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226. The Summary Judgment statute states that evidence to support or refute a motion for Summary Judgment must be in the form of pleadings, depositions, answers to interrogatories, admissions, and affidavits and must show that there is no genuine issue of fact.
For coverage to be excluded for an insured’s violation of an insurance policy’s cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer. Desadier v. Safeway Ins. Co., 97-1412 (La.App. 3 Cir. 4/8/98), 712 So.2d 925.
In support of their Motion for Summary Judgment, American attached four notices for the deposition of Ms. Lowe and a copy of the insurance policy. At the hearing on the motion, American’s attorney, Mr. Stephen Gele, stated in argument that, “The insured in their only communication with the insurance company, wrote that the daughter did not have permission [to use the vehicle].” American’s attorney explained that the insurance company attempted to deny coverage on that basis and because of the coverage question appointed Mr. Penny to represent Ms. Lowe personally.
Mr. Penny answered the petition on behalf of Ms. Lowe. He has never spoken to her or had any direct contact with her. Mr. Penny stated that he attempted to communicate with Ms. Lowe, but was unsuccessful. Mr. Penny appeared at the hearing on the Summary Judgment. He did not testify, but he did state on the record:
|fiMy only involvement here today is that I have been retained to represent Ms. Lowe. I have written to her numerous times by certified mail. They keep coming back unclaimed. I have had no communication with her.
Although Mr. Penny was assigned to represent Ms. Lowe’s interests, the record indicates that Mr. Penny did not file an Opposition to American’s Motion for Summary Judgment. The record indicates that Ms. Lowe was not served with the Motion for Summary Judgment. American introduced, copies of three certified letters addressed to Ms. Lowe, written by *337 Mr. Penny, urging her to contact him and appear at her deposition. No evidence was introduced suggesting that Ms. Lowe received or refused the certified letters. The letters were returned as “unclaimed.” An attempt to serve Ms. Lowe with notice of the Summary Judgment hearing, at the same Slidell address where Mr. Penny mailed the letters, was unsuccessful. Although the record reflects that Ms. Lowe was served at this same Slidell address by the Sheriff on December 18, 2000 with the petition, and on April 4, 2001 with a Notice of Deposition, the return of service for the notice of the Summary Judgment hearing indicates that Ms. Lowe moved from that address.
No evidence was introduced demonstrating that American personally contacted Ms. Lowe. Counsel for American refers in argument to a communication between Ms. Lowe and American wherein Ms. Lowe allegedly denied that her daughter had permission to use the car, which American asserts creates a coverage issue. No evidence of this communication was introduced. American asserted at the Summary Judgment hearing and argues on appeal, that it hired an investigator to find Ms. Lowe after she moved from Kenner to Slidell, and that the hiring of an investigator satisfied its obligation to personally contact Ms. Lowe. Although American argues that it attempted to personally contact Ms. Lowe, no evidence that American personally contacted Ms. Lowe was introduced in support of the Summary Judgment motion.
|7As counsel for plaintiff pointed out during an argument at the Summary Judgment hearing, based on the record, we really do not know if Ms. Lowe is intentionally absent, illiterate, has health problems, or has moved to a new residence.
In finding an insured’s failure to answer letters written to him by his insurance company did not constitute a material and prejudicial breach, the court in Desadier, supra, noted that there was no attempt to contact the insured at his home or in person. From the record before us we cannot tell if Ms. Lowe is an uncooperative insured or simply an uninformed insured who has moved and whose mail is not being forwarded. To allow an insurance company to void its contractual obligation to an insured and other tort feasors based on the insured’s failure to respond to correspondence, which she never received, when counsel for the insured has made no physical attempt at contact is unwarranted.
We find that the evidence submitted by American is insufficient to carry American’s burden of proof that Ms. Lowe breached the cooperation clause and that her breach was both material and prejudicial. For the foregoing reasons, the Summary Judgment granted in favor of American is reversed and this matter is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.